# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT GEORGE,** | |
| Petitioner, | Case No. 12 C 7287 |
| v. | Judge Harry D. Leinenweber |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Petitioner Robert George's ("George") Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 1] is denied.

## I. BACKGROUND

The facts of this case are summarized in *United States v. Spagnola*, 632 F.3d 981, 985 (7th Cir. 2011), and other related opinions. Briefly, the case arises from a Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") operation, in which a confidential informant ("CI") approached George about helping a drug courier — in reality, an ATF agent — steal cocaine from a stash house. George recruited his half-brother and co-Defendant Michael Spagnola ("Spagnola") into the plan, which was ultimately modified from robbing the stash house to robbing the courier. George did not participate in the robbery itself, because, he claimed, he could not secure childcare that day.

On December 11, 2008, George was charged in a superseding indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine (Count I), and attempting to possess with intent to distribute more than five kilograms of cocaine (Count II). (No. 7 CR 441, ECF No. 84.) A jury found George guilty on both counts, and, on February 2, 2010, the Court sentenced George to a total term of 216 months imprisonment, followed by five years of supervised release. (No. 7 CR 441, ECF No. 193.)

George subsequently appealed his conviction and sentence. On July 21, 2010, George's appellate counsel, after consulting with George, filed an *Anders* brief concluding that "any appeal would be wholly frivolous and without arguable merit." (No. 10-1657, ECF No. 17-1, at 19.) On November 3, 2010, the Seventh Circuit entered an order indicating that "most of the issues George might raise on appeal would be frivolous." (No. 10-1657, ECF No. 34, at 2.) Only one issue — the sufficiency of the evidence on George's attempt conviction — had potential merit. The court directed counsel to brief this issue, and, on September 9, 2011, affirmed George's conviction. *United States v. George,* 658 F.3d 706 (7th Cir. 2011).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that the sentence was imposed in violation of the Constitution or laws of the United States. To receive relief

under § 2255, a prisoner must show a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (citation and internal quotations omitted). Alternatively, relief may be granted if a prisoner can show the trial court made "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428 (1962). Relief under § 2255 is an "extraordinary remedy" because the petitioner "already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

A hearing is not required in a § 2255 case if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), or if the petitioner makes allegations that are vague and conclusory, rather than detailed and specific, *Bruce v. United States,* 256 F.3d 592, 597 (7th Cir. 2001) (citations and internal quotations omitted).

### III. **ANALYSIS**

George raises eight claims of error in his § 2255 petition, which can be divided into three categories — trial court error (Claims I, II, III, VI, and VIII (incorrectly numbered "IX")), ineffective assistance of trial counsel (Claims IV and VII), and ineffective assistance of appellate counsel (Claim V).

## A. Trial Court Error

George claims that the Court committed five errors at trial. In Claim I, George argues that the court wrongfully excluded evidence of entrapment, an issue that appellate counsel previously raised in its *Anders* brief. Before trial, the Court granted the Government's unopposed motion *in limine* to bar George from suggesting a theory of entrapment without first making a *prima facie* showing. In ruling on the *Anders* brief, the Seventh Circuit held that George had no viable challenge to the Court's exclusion of entrapment evidence because "trial counsel made no response to the government's pre-trial motion, which dooms any complaint on appeal." (No. 10-1657, ECF No. 34, at 6.)

In Claim III, George argues that the Court erred in not allowing him to call the CI at trial. This issue was also raised in the *Anders* brief. Before trial, the Court granted the Government's motion *in limine* to prevent George from calling certain witnesses, including the CI, solely for purposes of impeachment. The Seventh Circuit held that this Court did not abuse its discretion in refusing to allow George to call the CI "simply to impeach him." (*Id.*) Moreover, the court noted that defense counsel had not preserved the issue for appeal because he failed to provide an offer of proof regarding the CI's testimony. (*Id.*)

Where, as here, claims have been presented in a direct appeal via an *Anders* brief, and the appellate court dismisses the appeal as

frivolous, "that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile." *White v. United States,* 371 F.3d 900, 902–03 (7th Cir. 2004). Because the exclusion of entrapment evidence and the decision regarding the CI have already been addressed on George's direct appeal, George is precluded from relitigating these issues again here.

In Claim VI, George argues that the Court made false statements in its order denying judgment of acquittal, or, in the alternative, new trial, (No. 7 CR 441, ECF No. 159), which the appellate court then "latched onto" in its opinion. (George Mem., ECF No. 3, at 3.) Specifically, "the court wrote that defendant George set up a meeting between CI and co-defendant Spagnola . . . [and] that George told the CI that he and Spagnola discussed obtaining weapons for the robbery and George accompanied Spagnola to obtain a gun for the robbery. . . ." (*Id.*)

This issue was not raised in George's post-trial motion or on his direct appeal. To raise this issue now, George must show both "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 167–68 (1982). George has failed to argue cause or prejudice. Indeed, although the appellate court affirmed George's attempt conviction in part because he recruited Spagnola, its opinion does not reference either of the challenged

statements.  Accordingly, the Court cannot conclude that the statements resulted in prejudice.

Claim II and Claim VIII challenge evidentiary rulings admitting an ATF agent's testimony regarding (1) a post-arrest statement George made to the agent, and (2) a statement George made to the CI.  These challenges were not raised in George's direct appeal.  Yet again, he has not argued cause or prejudice in his § 2255 petition.  The Court therefore rejects these claims for the same reason it rejected Claim IV.

Even if George had established cause and prejudice, the vagueness of his allegations prevents the Court from concluding that the inclusion of the above statements resulted in a "miscarriage of justice."  In Claim II, George argues that the agent's testimony was perjured because his written reports contradict the audiovisual records presented at trial "in several ways" and because the agent incorrectly stated that a train ran through Marseilles, Illinois. (George Mem., ECF No. 3, at 2.)  In Claim VIII, George refers to the admission of "improper hearsay," but fails to identify any specific statements.  (*Id.* at 4.)  The Court finds these conclusory allegations insufficient to support a claim for relief under § 2255. *See, Gray-Bey v. United States,* 156 F.3d 733, 739 (7th Cir. 1998); *United States v. Spadafora,* 200 F.2d 140, 143 (7th Cir. 1952).

## B. Ineffective Assistance of Counsel

George contends that he received ineffective assistance of counsel at both the trial and appellate levels. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that: "(1) counsel's performance was deficient, meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms' and (2) counsel's deficient performance prejudiced the petitioner, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Smith v. Brown,* 764 F.3d 790, 795 (7th Cir. 2014) (quoting *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984)).

### *1. Trial Counsel*

George claims that his trial counsel was ineffective for two reasons. First, in Claim IV, George argues that trial counsel was ineffective for failing to present evidence of impeachment against the CI — specifically, the benefits the CI received from the ATF. Second, in Claim VII, George argues that trial counsel was ineffective for failing to file a motion to exclude recordings the CI made that were based on a lost tape or recorded on equipment that was not "authorized or required for such recordings." (George Mem., ECF No. 3, at 4.) According to a letter dated January 23, 2008, one of George's attorneys had promised to exclude "any tape for numerous reasons." (Ex. 1 to George Mem, ECF No. 3.)

With respect to Claim IV, the Government argues that information regarding the benefits the CI received were never hidden from the jury – to the contrary, both the Government and defense counsel revealed to the jury that the CI was paid approximately $4,600 for his role in this case. (Tr. at 195:25-196:12; 494:20-495:4.) Casting doubt on the CI's credibility, defense counsel also emphasized that a routine aspect of the CI's duties involved lying to the public. (Tr. 325:11-326:5). The Court therefore rejects George's argument that it kept the jury from considering the CI's motivations to lie, resulting in prejudice to George.

As to Claim VII, George fails to show on what basis the recordings could have been excluded from evidence, or how their inclusion resulted in prejudice. Nor does George show how including the recordings constituted a deficient performance by counsel. As the Government notes, at trial — approximately a year and a half after the letter promising to exclude recordings — defense counsel sought to include certain recorded conversations between George and the CI to disprove George's intention of getting involved with the conspiracy. (Tr. 224:9-227:12.) This strategy, though different from that described in the letter, does not demonstrate attorney conduct falling below professional norms.

### *2. Appellate Counsel*

In Claim V, George argues that his appellate counsel was ineffective for failing to refute a false assertion in the

Government's appellate response brief — specifically, that George took Spagnola to retrieve guns for use in the robbery. According to George, this contention became a deciding factor in affirming his attempt conviction.

George's position ignores the Seventh Circuit's opinion. The appellate court affirmed on the grounds that a rational jury could have found that George aided and abetted Spagnola in his attempt to possess cocaine because he (1) recruited Spagnola into the conspiracy, (2) altered the original robbery plan to double-cross the drug courier, and (3) had arranged to dispose of the cocaine. *George,* 658 F.3d at 709. Because the appellate court makes no mention of George taking Spagnola to go get guns, the Court cannot conclude that appellate counsel's failure to address the challenged statement resulted in prejudice.

## IV. CONCLUSION

For the reasons stated herein, Petitioner Robert George's Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 1] is denied.

**IT IS SO ORDERED.**

                                                                      _____
                                                                      Harry D. Leinenweber, Judge
                                                                      United States District Court

Dated: 5/28/2015